1:25-CV-1082

UNITED STATES DISTRICT COURT
DISTRICT OF NORTHERN GEORGIA

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta
FEB 28 2025
KEVIN P WEIMER, Clerk
By: Deputy Clerk

Case No. TBD

MICHAEL FIORITO,
PETITIONER

2241, FRCP 45,
ALL WRITS ACT

V

THE UNITED STATES INSPECTOR GENERAL,
U.S. MARSHALLS,
THE UNITED STATES RESPONDETS

PETITIONERS MOTION/PETITION TO QUASH THE SUBPONA AD TESTIFICONDUM, OR SUBSTATIALLY MODIFY IT, AND IMMEDIATELY RELEASE PETITIONER PURSUANT TO 2241, FRCP 45, THE ALL WRITS ACT, 1331

COMES NOW, PETITIONER MICHAEL FIORITO, PROCEEDING PRO SE, RESPECTFULLY REQUESTING THIS HONORABLE COURT ORDER RESPONDENTS TO IMMEDIATELY RELEASE PETITIONER AND QUASH THE SUBPOENA AD TESTIFICONDUM.



I FACTS

1. ON 02-12-2025 PETITIONER WAS TAKEN INTO CUSTODY BY THE U.S. MARSHALLS IN MINNEAPOLIS MINNESOTA PURSUANT TO A SUBPOENA AD TESTIFICONDUM ISSUED BY THE U.S. INSPECTOR GENERAL OF THE SOUTHEASTERN REGION

2. PETITIONER HAS NOW SPENT <u>49 HOURS</u> IN HANDCUFFS AND LEG IRONS

AND DRAGGED ACROSS THE COUNTRY AND PUT IN 3 FILTHY, INHUMANE COUNTY JAILS OVER THIS SUBPOENA

3. PETITIONER IS IN CUSTODY IN LOVEJOY GEORGIA IN GEO PRISON

4. PETITIONER HAS NOW LOST HIS JOB

5 THESE ARE THE VERY DEFINITIONS OF UNDUE BURDEN

6. PETITIONER WAS UNAWARE OF ANY HEARINGS



II. FOR THE FOLLOWING REASONS THIS COURT SHOULD QUASH THE SUBPOENA AND ALLOW PETITIONER TO RETURN TO MINNESOTA ON HIS OWN AND ORDER PETITIONER BE IMMEDIATELY RELEASED FROM CUSTODY

7. PETITIONER WAS LIVING AT A FEDERAL RRC IN MINNEAPOLIS FOR OVER ONE YEAR

8. PETITIONER HAS A LIBERTY INTEREST IN REMAINING IN AN RRC AND MAINTAINS DUE PROCESS RIGHTS

9. FREEMAN V. PULLEN 658 F.3d 53 (2ND CIR 2023) HELD THAT THE GOVERMENT CANNOT PUT SOMEONE BACK INTO CUSTODY WHILE IN AN RRC WITHOUT DUE PROCESS PROTECTIONS BECAUSE SUCH PERSONS HAVE A LIBERTY INTEREST IN REMAINING IN AN RRC

10. THE RESPONDENTS GAVE PETITIONER ZERO PAPERWORK, PETITIONER WAS NOT EVEN

AWARE SUCH HEARINGS BY THE OIG WERE EVEN TAKING PLACE,

11. RESPONDENTS PROVIDED PETITIONER WITH NO DUE PROCESS AND NO NOTICE THIS ALONE IS ENOUGH TO QUASH THE SUBPOENA AND/OR MODIFY IT ~~[illegible]~~ SUBSTANTIALLY TO RELEASE PETITIONER

---

THIS SUBPOENA VIOLATES EVERY ~~[illegible]~~ FEDERAL RULE OF CIVIL PROCEDURE 45 AND SHOULD BE QUASHED

12. PLAINTIFF HAS NO ACCESS TO A LAW LIBRARY

13. FRCP 45 HAS TRAVEL/DISTANCE RESTRICTIONS PLAINTIFF RESIDES IN MINNESOTA THE HEARING IS IN GEORGIA, THE TRAVEL RESTRICTION IS 100 MILES

14. FRCP ~~[illegible]~~ 45 STATES THAT A SUBPOENA MUST NOT CAUSE UNDUE BURDEN



15. THE RESPONDENTS HAVE PLACED PETITIONER IN MAXIMUM SECURITY CUSTODY WITHOUT JUSTIFICATION OR REASON

16. PETITIONER HAS LOST 2 WEEKS OF EARNINGS AND LOST HIS JOB AS A RESULT OF BEING PLACED IN CUSTODY

17. RESPONDENTS HAVE VIOLATED THE FOLLOWING MANDATORY REQUIREMENTS AND SHOULD BE QUASHED

A. 45 (a)(I)(A) REQUIREMENTS - RESPONDENTS FAILED AND REFUSED TO PROVIDE PETITIONER WITH A COPY OF THE SUBPOENA

B. (c) PLACE OF COMPLIANCE - (C)(I)(A) CAN ONLY COMMAND A PERSON TO ATTEND WITHIN 100 MILES OF THIER RESIDENCE PLAINTIFF LIVES 600 MILES AWAY FROM GEORGIA

C. (3)(A) QUASHING OR MODIFYING A SUBPOENA



OVER

FRCP 45

(A) WHEN REQUIRED A COURT CAN QUASH OR MODIFY A SUBPOENA FOR THE FOLLOWING REASONS

(i)

~~(ii)~~

(ii) REQUIRES A PERSON TO COMPLY BEYOND THE GEOGRAPHICAL LIMITS SPECIFIED IN RULE 45 (C)

(iv) SUBJECTS A PERSON TO UNDUE BURDEN

RESPONDENTS HAVE VIOLATED <u>EVERY</u> RULE UNDER FRCP 45, THIS ~~JUSTIFIES~~ JUSTIFIES QUASHING THE SUBPOENA

---

DENIAL OF COUNSEL

18. RESPONDENTS ACTIONS HAVE DENIED PETITIONER THE ABILITY TO CONSULT WITH COUNSEL. A ~~SH~~ PERSON MAY INVOKE A 5TH AMENDMENT RIGHT TO REMAIN SILENT, PETITIONER SHOULD BE WARNED AGAINST ~~SEE~~ THE POSSIBILITY OF SELF-INCRIMINATION

DENYING PETITIONER THE RIGHT TO COUNSEL JUSTIFIES QUASHING THIS SUBPONA

## III: THE COURT SHOULD APPOINT PETITIONER COUNSEL

19. FOR ALL OF THE REASONS CONTAINED HEREIN THIS COURT SHOULD APPOINT COUNSEL. PETITIONER IS INDIGENT

## VI: UNDUE BURDEN

20. PETITIONER HAS SHOWN THE COURT THAT THIS SUBPOENA HAS CAUSED HIS SUBSTANTIAL UNDUE BURDEN AND JUSTIFIES QUASHING THIS SUBPOENA

## V: DUE PROCESS: PETITIONER WAS ENTITLED TO ~~SOME~~ DUE PROCESS BEFORE BEING PLACED IN CUSTODY. THIS IS REASON ENOUGH TO QUASH THE SUBPOENA

OVER

## VI: PETITIONER SHOULD BE IMMEDIATELY RELEASED

21. THIS COURT SHOULD ORDER RESPONDENTS TO IMMEDIATELY RELEASE PETITIONER AND PLACE HIM IN A HOTEL OR RRC IN ATLANTA UNTIL THE MANDATES OF THE SUBPOENA ARE MET AND ORDER THAT RESPONDENT BE PLACED BACK IN BOP CUSTODY AND ALLOWED TO TAKE A GREYHOUND BUS OR PLANE BACK TO MINNESOTA AT EXPENSE OF RESPONDENTS

## VII: A HEARING SHOULD BE HELD AS SOON AS POSSIBLE

22. THIS HONORABLE COURT SHOULD HOLD AN EMERGENCY HEARING WITH ALL PARTIES PRESENT

23. PROTECTIVE ORDER:

THE COURT SHOULD ISSUE A PROTECTIVE ORDER THAT WILL

ENSURE RESPONDENTS DO NOT SEND PETITIONER BACK TO MINNESOTA IN U.S. MARSHALL CUSTODY WHICH TAKES 2-5 WEEKS

* PETITIONER SHOULD NOT BE JAILED OVER ISSUANCE OF A SUBPOENA

## RELIEF REQUESTED

PETITIONER PRAYS FOR THE FOLLOWING RELIEF:

A. IMMEDIATE RELEASE OF PETITIONER

B. APPOINTMENT OF COUNSEL

C. A HEARING BE HELD

D. A PROTECTIVE ORDER TO ALLOW PETITIONER TO RETURN TO MINNESOTA VIA PUBLIC TRANSPORTATION AT RESPONDENTS EXPENSE

E. ORDER RESPONDENTS TO PROVIDE PETITIONER WITH A COPY OF THE SUBPOENA



E.

AFFIDAVIT: I DECLARE UNDER PENALTY OF PERJURY PURSUANT TO 28 USC 1746 THAT THE INFORMATION CONTAINED HEREIN IS TRUE AND CORRECT

PETITIONER HAS SENT THE $5.00 FILING FEE. IN THE EVENT THE COURT DOES NOT RECEIVE THE FILING FEE PETITIONER REQUESTS THIS COURT GRANT HIM IFP ~~STATED~~ STATUS DUE TO HIM NOT BEING ABLE TO ACCESS HIS OWN FUNDS

RESPECTFULLY SUBMITTED

/s/ [signature]

MICHAEL FIORITO PRO SE